20628. MAJOR *v.* ATLANTA FLYING CLUB.

STEPHENS, J. 1. This being a suit upon a promissory note to recover an alleged balance due upon the purchase-price of an aeroplane, and the defense being a breach of a warranty that the motor of the areoplane was new and in good condition and with no defects undisclosed to the defendant, to the damage of the defendant in the amount of the note sued on, and there being evidence to authorize the inference that the aeroplane was sold under the warranty alleged, and that there had been a breach of the warranty in the manner and form alleged, the verdict found for the defendant was authorized. Where, upon the trial, it appeared from the evidence that, after the execution of the contract of sale and upon the delivery of the aeroplane to the defendant, the defendant gave to the plaintiff a writing reciting that the aeroplane is accepted "as is on Candler Field," and the acceptance of the aeroplane in this condition not being made for a consideration, this writing was not a contract relieving the plaintiff of any warranties which may have inhered in the original contract of sale.

2. There having been introduced evidence from several witnesses for the defendant to the effect that the motor of the aeroplane was not a new motor and was in a defective condition, and also data as to the extent of the damage to the defendant as a result of a breach of the alleged warranty, the admission of evidence for the defendant as to the price at which similar motors were selling at the time of the execution of the contract of sale was not harmful to the plaintiff. Evidence that the motor of the aeroplane contained parts that were worn and that the motor was leaking oil was not inadmissible as being a conclusion of the witness, and its admission in evidence was not harmful to the plaintiff. The writing referred to above in paragraph 1, containing an acceptance

of the aeroplane "as is," not being a contract of sale, the admission of certain evidence tending to establish the alleged warranty and the breach thereof, which was objected to as being irrelevant to establish a warranty in the contract, was not error.

3. The superior court did not err in overruling the certiorari by which it was sought to review the judgment of the appellate division of the municipal court of Atlanta, which affirmed a judgment of the trial judge in the municipal court overruling the plaintiff's motion for a new trial. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 19, 1931.

*McElreath & Scott, J. Lon Duckworth,* for plaintiff.
*Dillon, Calhoun & Dillon,* for defendant.